UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN COUNTS, JR.,

    Plaintiff,

v.                                                 Case No. 8:22-cv-669-TPB-CPT

LOUIS DEJOY, Postmaster General
for the United States Postal Service,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Before me on referral are *pro se* Plaintiff Stephen Counts, Jr.'s *Application to Proceed in District Court Without Prepaying Fees or Costs*, which I construe as a motion to proceed *in forma pauperis* (IFP Motion) (Doc. 2); Counts's complaint against the Postmaster General for the United States Postal Service (USPS), Defendant Louis DeJoy (Doc. 1); and Counts's motion for the appointment of counsel (Doc. 3). For the reasons discussed below, I respectfully recommend that Counts's IFP Motion be denied without prejudice, that his complaint be dismissed with leave to amend, and that his motion for the appointment of counsel be denied without prejudice.

I.

This case stems from Counts's previous employment with the USPS as a rural postal carrier at the USPS's Aviation Branch in Brooksville, Florida. (Doc. 1-1). Counts alleges in his complaint (and in a series of accompanying attachments) that during his tenure at the USPS, he was hassled and bullied by his supervisors on several occasions, including instances where they yelled at him, called him a racial slur, disparaged him in front of other employees, and scheduled him to work on days when he was supposed to be off duty. (Docs. 1, 1-1). Counts further avers that he repeatedly complained to his supervisors about this mistreatment but acknowledges that these interactions sometimes involved him shouting and/or cursing at his managers in an effort to resolve his grievances. *Id.* According to Counts, he was typically asked to leave work early and/or suspended following these heated exchanges and was ultimately terminated from his employment in May 2018. *See* (Doc. 1-1 at 1–2, 14–15).

Believing that the alleged harassment he encountered was discriminatory and in retaliation for his attempts to "defend" himself, Counts filed a charge with the Equal Employment Opportunity Commission (EEOC) in the months leading up to his dismissal from the USPS. (Doc. 1 at 5); (Doc. 1-1). In a final decision issued in January 2022, the EEOC concluded that the USPS did not act unlawfully towards Counts but authorized him to bring a lawsuit in federal court if he wished. (Doc. 1 at 5).

As a result of these events, Counts initiated this action against Postmaster DeJoy under Title VII of the Civil Rights Act of 1964 (Title VII), asserting what appear to be claims that he was discriminated against based on his race and disability and that he was also subjected to retaliation. (Doc. 1 at 4). Counts includes with his complaint the EEOC's determination of his charge, as well as other materials—some of which he seemingly authored—which appear to pertain to the conduct that underlies his causes of action, at least in part. (Doc. 1-1). For relief, Counts seeks $400,000 in damages. *Id.*

With respect to his claim of indigency, Counts represents that he receives approximately $1,200 in monthly income and that he incurs roughly $3,000 in monthly expenses. (Doc. 2). He also reports that he has a balance of $150 in a checking account and has one dependent, a seventeen-year-old son. *Id.*

II.

Under 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). A court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*, and, in civil cases for damages, the privilege should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (citation omitted). While such an application "need not show that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide

3

necessities for himself and his dependents." *Id.* at 1307 (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)) (internal quotation marks omitted).

When an *in forma pauperis* application is filed, a district court must also review the case and dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such an award. 28 U.S.C. § 1915(e)(2)(B). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (per curiam) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).[1] As such, to avoid dismissal, the complaint must set forth adequate averments "to state a claim to relief that is plausible on its face." *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although detailed factual assertions are not required, a pleading must do more than offer "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In evaluating a complaint under this standard, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted).  A court may not, however, afford any presumption of truth to statements regarding the governing law or the proof required to prevail on a cause of action.  *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while *pro se* pleadings are to be construed liberally, a court is not to "act as *de facto* counsel" for an unrepresented litigant, nor is it to "rewrite an otherwise deficient pleading to sustain an action."  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

III.

Irrespective of whether Counts qualifies as indigent for purposes of section 1915, his complaint is subject to dismissal because, among other things, it does not satisfy the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10 and appears to fail to state a claim under Title VII.  Each of these issues will be addressed in turn.

A.

Rule 8 establishes "[t]he bare minimum a plaintiff must set forth in his complaint."  *McCurry v. Metro. Life Ins. Co.*, 208 F. Supp. 3d 1251, 1255 (M.D. Fla. 2016).  It directs, in relevant part, that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that

"each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b).  As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and so that] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Counts's complaint does not abide by these pleading standards here.  As alluded to above, he appends to his complaint not only the EEOC decision addressing his allegations, but a number of letters and other documents, which collectively set forth a lengthy and often rambling exposition of the mistreatment he believes he has suffered, as well as other extraneous and irrelevant matters.  While Counts's inclusion of these materials is apparently the product of his well-intentioned efforts to provide—in his words—"as many facts of this case as possible" (Doc. 1 at 7), the consequence is that his complaint does not constitute the type of "short and plain statement" required by Rule 8 and leaves the reader "guess[ing] at precisely what [he is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Compounding this problem is the fact that none of the averments scattered throughout Counts's broad and meandering narrative are clearly and distinctly pleaded in the manner prescribed by Rule 10.  Fed. R. Civ. P. 10(b); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015).  As a result, it is not

evident which of his factual assertions pertain to which of his claims. *Twombly*, 550 U.S. at 555 n.3; *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996) (recognizing that a hallmark of an improperly pleaded complaint is when "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

Taken singularly or in combination, these pleading infirmities deprive both Postmaster DeJoy and the Court of "fair notice" regarding the nature of the claims brought against the Postmaster and the "grounds" upon which they are predicated. *Twombly*, 550 U.S. at 555 n.3; *see also Weiland*, 792 F.3d at 1323. That Counts is proceeding *pro se* does not excuse his failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that, while "[a] *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney[, it] must still suggest that there is at least some factual support for a claim") (citation omitted).

B.

In addition to these pleading issues, it appears that Counts's complaint fails to state claims under Title VII for discrimination on the basis of race and disability, as well as for retaliation. I begin with Counts's race discrimination claim, which seems

7

to be based on his assertion that he was subjected to a hostile work environment while working at the USPS.

To prevail on a Title VII hostile work environment claim, a plaintiff "must plead and ultimately prove that: (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic, such as [race]; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of [his] employment and [to] create a discriminatorily abusive working environment; and (5) the employer is responsible for such an environment." *Gilliam v. U.S. Dep't of Veterans Affairs*, 2016 WL 11468580, at *3 (M.D. Fla. Nov. 8, 2016) (citing *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010)).

Here, Counts's complaint does not appear to include adequate facts demonstrating that the harassment Counts purportedly suffered at the hands of his supervisors was based on his race and was sufficiently severe or pervasive. By way of example, even accepting as true the few references in Counts's complaint to an unspecified "racial[ ] slur" and Counts being described as a "troublemaker," *see, e.g.*, (Doc. 1-1 at 26, 27, 30), Counts does not seem to aver the type of details that would support a hostile work environment claim, *see Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1276–77 (11th Cir. 2002) (noting that "Title VII is only implicated in the case of a workplace that is 'permeated with discriminatory intimidation, ridicule and insult,' not where there is the 'mere utterance of an . . . epithet'") (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)); *Charles*, 2021 WL 825881, at *21 (finding

8

that the plaintiff's allegations that she was "a black woman of St. Lucian decent," that her former employer "'routinely' made fun of how she pronounced words, and [that] 'they' said they could not understand her because of her accent even though she spoke clearly" were not enough to state a hostile work environment claim under Title VII); *see also Lee v. DeJoy*, 2021 WL 4838695, at *7 (N.D. Ga. May 18, 2021) (finding a complaint was insufficiently pleaded where, among other things, the plaintiff did not allege her race or "how or whether any such discrimination or harassment was because of her protected characteristic").

Counts's apparent claim that he was subjected to unlawful discrimination under Title VII because of a disability is readily disposed of. It is well settled that Title VII does not cover discrimination based on disability, and that such allegations are therefore not actionable under that statute. *Harris v. Potter's House Family & Children Treatment Ctr.*, 2013 WL 5436775, at *1 (N.D. Ga. Sept. 27, 2013) ("To the extent [p]laintiff's complaint seeks to assert a [disability discrimination] claim under Title VII, it is required to be dismissed.").

Counts's final cause of action for retaliation is likewise lacking. To establish a retaliation claim under Title VII, a plaintiff must "show that (1) he engaged in protected activity, (2) he suffered a materially adverse action, and (3) a causal connection existed between the activity and the adverse action." *Humphrey v. Sec., U.S. Dep't of Homeland Sec.*, 597 F. App'x 571 (11th Cir. 2014) (citing *Dixon v. The Hallmark Cos., Inc.,* 627 F.3d 849, 856 (11th Cir.2010) (per curiam)). A plaintiff engages in protected activity when he opposes any practice prohibited by Title VII, or makes "a

charge, testifie[s], assist[s], or participate[s] in any manner in an investigation, proceeding, or hearing under" Title VII. *Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir.1997) (citing 42 U.S.C. § 2000e–3(a)).  If an employee predicates his retaliation claim upon the making of a complaint of harassment, he "must have had a good faith, objectively reasonable belief that such harassment was unlawful under Title VII." *Ellison v. City of Birmingham*, 180 F. Supp. 3d 1028, 1034 (N.D. Ala. Apr. 18, 2016) (citation and emphasis omitted); *see also  Brown v. City of Opelika*, 211 F. App'x 862, 863 (11th Cir. 2006) (per curiam) ("A plaintiff can show participation in a protected activity by demonstrating that [ ]he had a subjective, good-faith belief that h[is] employer was engaged in unlawful employment practices and that h[is] belief was objectively reasonable in light of the facts and record presented.") (citing *Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir.1997)).

      Here, putting aside the filing of his EEOC charge, it does not seem that Counts's averments establish that he was engaged in protected activity while employed at the USPS.  This is because the challenged acts committed by his supervisors—such as making disparaging comments about him to other employees and asking him to work when he was supposed be off-duty—do not appear to be prohibited by Title VII.  *See Brown*, 211 F. App'x at 864 (finding a plaintiff did not adequately aver she was engaged in protected activity where the alleged facts did not objectively support her belief that her termination was racially motivated); *Ellison*, 180 F. Supp. 3d at 1034 (stating that a plaintiff did not engage in a protected activity by making a complaint for harassment where she was deemed to be a "troublemaker" by her supervisors).

As for Counts's EEOC charge, it seems that it was his supervisors' behavior that triggered Counts's complaint in the first place, not the other way around. As such, it appears that Counts does not properly allege a causal connection between this protected activity and the alleged harassment by management. *See LaCroix v. Hilton Grand Vacations*, 2019 WL 2090853, at *3 (M.D. Fla. Apr. 16, 2019) (finding that a plaintiff did not allege retaliation where the protected activity came after the adverse employment action); *Concannon v. Int'l Cruise & Excursions, Inc.*, 2019 WL 1780949, at *4 (M.D. Fla. Apr. 3, 2019) (finding that the plaintiff did not establish a causal connection between any protected activity and his termination from employment where he averred he was let go by his employer after challenging a pay-related decision).

IV.

I now turn to Counts's motion to appoint counsel. (Doc. 3). By way of that submission, Counts asks that the Court provide him with a *pro bono* attorney to assist him in pursuing his claims. *Id.* In support of this request, Counts contends that he needs a lawyer because he can neither afford to retain one nor pay the associated legal fees. *Id.* at 2.

Requests for the appointment of counsel in civil matters are governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Eleventh Circuit has construed this provision to authorize the appointment of counsel where exceptional circumstances exist. *DeJesus v. Lewis*, 14 F.4th 1182, 1204 (11th Cir. 2021); *Rager v.*

*Augustine*, 760 F. App'x 947, 949 (11th Cir. 2019) (per curiam) (citing *Smith v. Fla. Dep't. of Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013)).[2]  In rendering such a determination, the Eleventh Circuit has instructed courts to consider a number of factors, including

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination; and (5) whether the appointment of counsel would be of service to the parties and the court by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.

*DeJesus*, 14 F.4th at 1204 (internal quotation marks and citation omitted).

In the end, the "key" to the appointment of counsel analysis is whether, under the "totality of the circumstances," the *pro se* litigant "needs help in presenting the essential merits of his or her position to the court." *Id*. (internal quotation marks and citation omitted); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (same).  The district court is afforded wide latitude in making this decision, and that determination will be upheld on appeal absent an abuse of discretion.  *DeJesus*, 14 F.4th at 1204; *Rager*, 760 F. App'x at 949.

Against this legal backdrop, Counts's motion fails.  Regardless of whether he may be able to afford a lawyer, Counts has not demonstrated that exceptional

---

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

circumstances exist justifying the appointment of counsel. In short, he does not assert, much less demonstrate, that he requires legal assistance in presenting "the essential merits of his . . . position to the court" given the totality of the circumstances. *DeJesus*, 14 F.4th at 1204; *see also Dominguez v. Lake Como Club*, 520 F. App'x 937, 942 (11th Cir. 2013) (affirming a district court's conclusion that a Title VII claim was not so complex as to require the appointment of counsel). Accordingly, at least at this juncture and without further information from Counts, he is not entitled to the appointment of counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) ("The plaintiffs, like any other litigants, undoubtedly would have been helped by the assistance of a lawyer, but their case is not so unusual that the district court abused its discretion by refusing to appoint counsel.").

V.

Notwithstanding the deficiencies with Counts's complaint highlighted above, I respectfully recommend that the Court dismiss that pleading with leave to file a revised complaint. I am mindful in this regard that a litigant ordinarily must be given at least one chance to amend his complaint before the Court dismisses an action, unless such an amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam); *Freeze v. Sawyer*, 2018 WL 2849895, at *1 (M.D. Fla. June 11, 2018). While I question whether, on the facts alleged, Counts can state a claim upon which relief can be granted, in an abundance of caution and because he is proceeding *pro se*, I believe it is appropriate to allow him leave to revise his complaint.

Accordingly, I respectfully submit that the Court should:

1.  Deny Counts's IFP Motion (Doc. 2) without prejudice;

2.  Dismiss Counts's complaint (Doc. 1) with leave to amend;

3.  Deny Counts's motion to appoint counsel (Doc. 3) without prejudice;

4.  Grant Counts permission to file, within thirty (30) days of the Court's Order, an amended complaint that complies with the pleading requirements discussed herein and that asserts one or more cognizable causes of action; and

5.  Caution Counts that a failure to comply with these directives may result in the dismissal of his case without further notice.

Although I propose that Counts be afforded an opportunity to amend his complaint, I encourage him to take advantage of the legal assistance available to *pro se* parties before doing so. Counts may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented federal court litigants the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.

In addition, Counts may visit the Middle District of Florida's resources for individuals without counsel, which include a "Guide for Proceeding Without a Lawyer." The Court's website also includes helpful links to both the Federal Rules of Civil Procedure and various forms for litigants to use.

Respectfully submitted this 30th day of June 2022.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
*Pro se* Plaintiff